UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| ANTHONY G., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-04220-SLD-KLM |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

ORDER

Before the Court are Plaintiff Anthony G.'s Motion for Attorney's Fees Under the Equal

Access to Justice Act, ECF No. 17, and the Parties' Stipulation to Award of Attorney Fees and

Costs, ECF No. 16.  The Parties agreed and jointly stipulated to a request that the Court award

Plaintiff $6,353.25 for attorney's fees and expenses and $402 for costs pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1), which provides that a court must award

fees and expenses to a prevailing party in any civil action brought by or against the United

States.  For the following reasons the stipulation, construed as a motion, is GRANTED, and the

motion is MOOT.

**BACKGROUND**

Plaintiff filed this suit on December 29, 2021, seeking judicial review of Defendant

Acting Commissioner of Social Security Kilolo Kijakazi's ("the Commissioner") final decision

denying his claim for supplemental security income.  *See* Compl. ¶ 1, ECF No. 1; May 20, 2021

ALJ Hearing Decision 4, Social Security Tr. Ex. 5A, ECF No. 8-3 at 31–51 (indicating the claim

was for supplemental security income).  On September 6, 2022, Plaintiff filed his Memorandum

in Support of Reversing or Remanding Commissioner's Decision, ECF No. 11.  On October 11,

2022, the Parties filed a Joint Stipulation to Remand to the Commissioner, ECF No. 13.  The

Court construed that stipulation as a motion to remand, granted the motion, reversed the

Commissioner's decision, and remanded the case pursuant to sentence four of 42 U.S.C.

§ 405(g).  Oct. 12, 2022 Order 1–2, ECF No. 14.  Judgment was entered on October 12, 2022.

Judgment, ECF No. 22.  The Parties' stipulation to an award of attorney's fees and costs was

filed on January 9, 2023.  Plaintiff's motion for attorney's fees and costs was filed on January 11,

2023.

## DISCUSSION

### I.    Attorney's Fees Under the EAJA

Under the EAJA, a successful litigant against the federal government is entitled to

recover his attorney's reasonable fees if: (1) he is a "prevailing party"; (2) the government's

position was not "substantially justified"; (3) there exist no special circumstances that would

make an award unjust; and (4) he filed a timely application with the district court.  28 U.S.C.

§ 2412(d)(1); *Krecioch v. United States*, 316 F.3d 684, 687 (7th Cir. 2003).

First, Plaintiff is a "prevailing party" within the meaning of the EAJA by virtue of having

had judgment entered in his favor and his case remanded to the Commissioner for further review.

*See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (finding that a remand "which terminates the

litigation with victory for the plaintiff" confers prevailing party status under the EAJA); *Tex.

State Tchrs. Ass'n v. Garland Indep. Sch. Dist.*, 489 U.S. 782, 791–92 (1989) (deeming

prevailing party status appropriate when "the plaintiff has succeeded on 'any significant issue in

litigation which achieve[d] some of the benefit the parties sought in bringing suit'" (alteration in

original) (quoting *Nadeau v. Helgemoe*, 581 F.2d 275, 278–79 (1st Cir. 1978))).

2

Second, Plaintiff's request for attorney's fees is timely.  Section 2412(d)(1)(B) requires

that a party seeking an award of fees submit to the court an application for fees and expenses

within 30 days of final judgment in the action.  The term "final judgment" refers to judgments

entered by a court of law, not decisions rendered by an administrative agency.  *Melkonyan v.*

*Sullivan*, 501 U.S. 89, 96 (1991).  In Social Security cases involving a remand, the filing period

for attorney's fees does not begin until the judgment is entered by the court, the appeal period

has run, and the judgment has thereby become unappealable and final.  *Id.* at 102; *Schaefer*, 509

U.S. at 302 ("An EAJA application may be filed until 30 days after a judgment becomes 'not

appealable'—*i.e.*, 30 days after the time for appeal has ended.").  Judgment was entered on

October 12, 2022, and the Parties filed the instant stipulation on January 9, 2023, 89 days later.

Either party would have had 60 days to appeal, *see* Fed. R. App. P. 4(a)(1)(B) (providing that

where one party is a United States officer sued in an official capacity, the parties have 60 days to

appeal), plus the 30-day allowance in accordance with Section 2412(d)(1)(B).  Thus, the Parties

had to make any EAJA application within 90 days of entry of judgment.  Because the Parties'

stipulation falls within this window, the Court finds the request is timely.

Third, the Commissioner's position was not "substantially justified."  EAJA fees may be

awarded if either the Commissioner's litigation position or her pre-litigation conduct lacked

substantial justification.  *Golembiewski v. Barnhart*, 382 F.3d 721, 724 (7th Cir. 2004).  For the

Commissioner's position to have been substantially justified, it must have had reasonable factual

and legal bases and a reasonable connection between the facts and her legal theory.  *Cunningham*

*v. Barnhart*, 440 F.3d 862, 864 (7th Cir. 2006).  Critically, the Commissioner has the burden of

proving that her position was substantially justified.  *Golembiewski*, 382 F.3d at 724 (citing

*Marcus v. Shalala*, 17 F.3d 1033, 1036 (7th Cir. 1994)).  Here, the Parties have jointly filed a

3

stipulation for attorney's fees.  *See* Stipulation 1.  The Commissioner thus cannot be said to have

met her burden of establishing that both her litigation position and her prelitigation conduct were

substantially justified.

Finally, no special circumstances exist that would make an award of attorney's fees

unjust.  Therefore, Plaintiff is entitled to recover reasonable attorney's fees under the EAJA.

## II.     Reasonableness of Plaintiff's Attorney's Fees

It is a successful litigant's burden to prove that the attorney's fees he requests are

reasonable.  *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Reasonable fees are calculated by

multiplying the appropriate number of hours worked by a reasonable hourly rate.  *Id*. at 433.  The

rate is calculated with reference to prevailing market rates and capped at $125 per hour unless

the court determines that "an increase in the cost of living or a special factor, such as the limited

availability of qualified attorneys for the proceedings involved," warrants a higher hourly rate.

28 U.S.C. § 2412(d)(2)(A). The Seventh Circuit has set forth the following standard for EAJA

claimants seeking a higher hourly rate:

> An EAJA claimant seeking a cost-of-living adjustment to the attorney fee rate
> . . . . may rely on a general and readily available measure of inflation such as the
> Consumer Price Index, as well as proof that the requested rate does not exceed the
> prevailing market rate in the community for similar services by lawyers of
> comparable skill and experience.  An affidavit from a single attorney testifying to
> the prevailing market rate in the community may suffice to meet that burden.

*Sprinkle v. Colvin*, 777 F.3d 421, 423 (7th Cir. 2015).

To determine the appropriate number of hours worked, the Court turns to Plaintiff's

attorney's declaration of hours of work before the Court.  *See* Decl. Hours Work, ECF No. 16-2.

The declaration shows that Plaintiff's attorney spent 29.55 hours on his case.  *Id*. at 1–2.  The

Court finds all 29.55 hours spent on this case were appropriately billed.  *Cf. Kinsey-McHenry v.*

*Colvin*, Cause No. 2:12-CV-332-PRC, 2014 WL 1643455, at *3 (N.D. Ind. Apr. 23, 2014)

(noting that courts within the Seventh Circuit have found 40 to 60 hours expended on a Social

Security appeal reasonable).

The Parties assert that Plaintiff's attorney's work should be compensated by a total

payment of $6,353.25—equivalent to an hourly rate of $215—for attorney fees and expenses.

Stipulation 3.  To justify the requested sum, the Parties point to the changes in the consumer

price index for all urban consumers ("CPI-U") in the Midwest region between the time Congress

set the rate cap at $125 per hour (March 1996) and the CPI-U as of 2021 and 2022.  *Id.* at 3 n.3.[1]

The Parties further provide citations from a 2014 National Law Journal survey of billing rates for

law firms in the Midwest region, indicating that the equivalent rate for the requested sum "is not

greater than the rate for similar services in the community and does not constitute a windfall."

*Id.* at 2 (citing ALM Legal Intelligence, *Billing Rates Across the County*, Nat'l L. J. (Jan. 13,

2014, 5:33 PM), https://www.law.com/nationallawjournal/almID/1202636785489).

The Court finds that an increase above the statutory $125 ceiling is warranted both by the

changes in the CPI-U and by the citations to regional billing statistics[2] that the rate of

---

[1] The Parties' stipulation is somewhat ambiguous as to the exact method of calculation used to arrive at the proposed sum of $6,353.25.  Stipulation 3 n.3.  The stipulation makes clear the Parties used the Midwest region CPI-U.  *See Sprinkle*, 777 F.3d at 428 n.2 ("We . . . leave to the discretion of the district courts whether to adopt the national or regional index in specific cases.").  However, the stipulation does not explicitly state whether the Parties use a CPI-U ratio based on the year in which work was performed, or the month in which work was performed.  *See id.* at 428 ("Courts should generally award the inflation-adjusted rate according to the CPI, using the date on which the legal services were performed." (footnote omitted)).  The Court arrives at the same figures as those the Parties supplied when calculating the adjusted rates for 2019, 2020, and 2021 based on the year, not month.  *Compare* Stipulation 3 n.3 ("[T]he adjusted rates for 2019, 2020, and 2021 were $195.93, $197.79, and $207.85, respectively . . . ."), *with CPI for All Urban Consumers (CPI-U), Midwes*t, U.S. Bureau of Lab. Stat., https://data.bls.gov/cgi-bin/surveymost?cu (select "Midwest region, All items", then change output options to "from 1996 to 2023") (last visited Oct. 17, 2023).  However, the Court—analyzing data accessed in October of 2023—finds a discrepancy between the range of rates for 2022 (ranging from $215.60 to $228.31) and those rates the Parties supplied for 2022 in their stipulation, filed in January of 2023 (ranging from $215.60 to $224.68, *see* Stipulation 3 n.3).  Updated statistics may explain the discrepancy, but in any event, using either a month-based or year-based figure leads to a total higher than what the Parties stipulated to, such that the distinction is academic.

[2] In prior cases, the Court has rejected such surveys as insufficient evidence of the prevailing market rate in the community for similar services by lawyers of comparable skill and experience.  *See John J. v. Comm'r of Social Security*, 4:21-cv-4096-SLD-JEH, Nov. 16, 2022 Text Order.  Plaintiff's attorney, Mr. Brown, was also the plaintiff's attorney in *John J.* and was directed to file additional documentation supporting the reasonableness of the requested rate.  *Id.*  Mr. Brown eventually filed such an affidavit, establishing an hourly rate between $250 and $350

compensation sought is not excessive.  To determine what fee increase above the statutory

ceiling may be authorized, courts have looked to the ratio of the CPI at the time legal services

were rendered to the CPI at the time the current statutory limit of $125 was set.  The $125 limit

is multiplied by this ratio to determine the proportional change in rate.  *See, e.g., Booker v.

Colvin*, No. 09-cv-1996, 2013 WL 2147544, at \*6 (N.D. Ill. May 16, 2013); *Carnaghi v. Astrue*,

No. 11-cv-2718, 2012 WL 6186823, at \*5 (N.D. Ill. Dec. 12, 2012).

The work in this case was performed during 2021 and 2022.  Decl. Hours Work 1–2.  The

CPI-U for the Midwest region was 252.242 in 2021 and 272.401 in 2022.  *See CPI for All Urban*

*Consumers (CPI-U), Midwest*, U.S. Bureau of Lab. Stat., https://data.bls.gov/cgi-

bin/surveymost?cu (select "Midwest region, All items", then change output options to "from

1996 to 2023") (last visited Oct. 17, 2023).  As the CPI-U in March 1996 was 151.7, *id.*, the CPI

had increased by a factor of 1.663 in 2021 and 1.796 in 2022.  Increases of the $125 cap to

$207.85 for 2021 and $224.46 for 2022 are therefore warranted.  Using those rates, the total

amount of attorney's fees for the 4.35 hours of work Plaintiff's attorney performed in 2021 is

$904.13 and the total amount of attorney's fees for the 25.2 hours of work Plaintiff's attorney

performed in 2022 is $5,656.32, totaling $6,560.45.[3]  Although the Parties stipulated to a slightly

lower figure of $6,353.25, such stipulated amount is still reasonable as it represents a negotiated

figure and fairly approximates the reasonable value of Plaintiff's attorney's work.  *See*

Stipulation 1 n.1 ("This stipulation constitutes a compromise settlement and the Commissioner

---

as reasonable for this work in this area, depending upon the attorney's level of experience.  *See* 4:21-cv-04096-SLD-
JEH, Cody Thomas Marvin Aff., Not. Filing Decl. Ex. 1, ECF No. 17-1.  Given both the length of time this EAJA
request has been pending and the temporal proximity of the prior affidavit, the Court will consider the survey
citations sufficient for this case only.  Mr. Brown is admonished to not rely solely upon such surveys in future EAJA
requests before this Court.
[3] The total figure using a month-based CPI-U ratio would be $6,665.16.  *See supra* n.1.

does not mean it to be an admission on the behalf of Defendant as to the appropriateness of the particulars of Plaintiff's request save the reasonableness of the amount agreed to.").

The Parties also requests an award of Plaintiff's attorney's costs in the amount of $402—the filing fee in this case. *See* Stipulation 1–2; Jan. 20, 2022 Docket Entry. Such costs are paid from the Judgment Fund, 28 U.S.C. § 2412(c)(1), and are recoverable by statute, *see id.* § 2412(a)(1). These costs are reasonable and compensable under the EAJA and are therefore awarded here. *See Dawdy v. Kijakazi*, No. 19-cv-3257, 2021 WL 4203643, at *1 (C.D. Ill. Sept. 15, 2021) (awarding filing fee costs).

## CONCLUSION

Accordingly, the Stipulation to Award of Attorney Fees and Costs, ECF No. 16, construed as a motion, is GRANTED. The Motion for Attorney's Fees Under the Equal Access to Justice Act, ECF No. 17, is MOOT as it is duplicative of the stipulation. Plaintiff is awarded $6,353.25 in EAJA attorney's fees and expenses, and $402.00 in costs. This amount may be offset to satisfy any pre-existing debt that Plaintiff owes to the United States. *See Astrue v. Ratliff*, 560 U.S. 586, 593 (2010). Because Plaintiff has not provided an assignment, Defendant will direct that the award be made payable to Plaintiff. *See Mathews-Sheets v. Astrue*, 653 F.3d 560, 565–66 (7th Cir. 2011), *overruled on other grounds by Sprinkle*, 777 F.3d 421. If payment is mailed, as compared to electronically deposited, it shall be mailed to counsel's address of record: 2402 Dempster Avenue, Park Ridge Illinois, 60068.

Entered this 18th day of October, 2023.

s/ Sara Darrow
SARA DARROW
CHIEF UNITED STATES DISTRICT JUDGE